GARDEN, JUDGE:
During the late afternoon of July 10, 1978, a warm and sunny day when the roads were dry, the claimant was pro-cefeding from Cedar Grove to Belle in his 1968 Nova automo-bilé. Although the record is not too clear, he was proceeding up a two-lane road in' order to obtain access to Route 60, a four-lane highway, where he intended to turn left and then proceed west on Route 60 to Belle. He had kept to the extreme right of the access road in order that he would not impede traffic which might be turning onto the access road from Route 60. He had come to a stop in obedience to a stop sign, and, seeing that traffic was clear, he then proceeded at a speed of three to four miles per hour when his right front wheel struck a pothole. The claimant described this hole as being round with a diameter of some 12 inches and from 8 to 11 inches in depth.
The claimant quite candidly admitted that he was aware of the existence of this hole, but insisted that he was forced to drive his car in its vicinity to avoid other motorists who might be turning onto the access road from Route 60. In addition to extensive damage to the right front tire, the front end of the car was knocked out of alignment, the coil spring was broken, and the ball joint was knocked out. Claimant suffered a fracture of his right thumb.
This particular pothole was not located in Route 60, but apparently was near the right-hand or easterly edge of the access road. No evidence wás introduced to prove knowledge, either actual or constructive, that respondent was aware of the *250 existence of this hole. In addition, the claimant’s admission of his knowledge of the existence of this hole leads this Court to the inescapable conclusion that the claimant’s own negligence was the proximate cause of the accident and the ensuing damages and personal injury.
Claim disallowed.